UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NING ZHANG, )<br>          **Plaintiff,** )<br>)<br>versus )<br>)<br>CHINA OCEAN SHIPPING )<br>GROUP COMPANY, )<br>)<br>          **Defendant.** )<br>) | C.A. NO: 08-4307<br><br>Section: I<br><br>Magistrate: 2 |

**ANSWER AND DEFENSES
OF CHINA OCEAN SHIPPING (GROUP) COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes China Ocean Shipping (Group) Company ("COSCO Group"), sought to be made defendant herein, and for its response to the Complaint filed on behalf of Ning Zhang ("Plaintiff"), alleges and avers as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim or cause of action against COSCO Group upon which relief can be granted.

**SECOND DEFENSE**

COSCO Group is an agency or instrumentality of a foreign state or political subdivision thereof as defined under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*, ("FSIA"), and therefore, the exclusive source of subject matter jurisdiction for Plaintiff's action against COSCO Group is the FSIA, which governs Plaintiff's action against COSCO Group.

**THIRD DEFENSE**

Process and service of process are insufficient and improper.

**FOURTH DEFENSE**

**AND NOW**, with respect to the particular allegations contained in the Complaint, COSCO Group alleges and avers as follows:

1.

The allegations contained in Paragraph 1 of the Complaint are admitted.

2.

The allegations contained in Paragraph 2 of the Complaint are admitted.

3.

The allegations contained in Paragraph 3 of the Complaint state conclusions of law which require no response from COSCO Group; however, should this Honorable Court deem a response thereto necessary, such conclusions are denied.

4.

The allegations contained in Paragraph 4 of the Complaint are denied.

5.

The allegations contained in Paragraph 5 of the Complaint are denied, except to admit that the M/V COS CHERRY is an ocean-going bulk carrier.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth therein.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of knowledge or information sufficient to justify a belief in the truth therein.

8.

The allegations contained in Paragraph 8 of the Complaint are denied.

9.

The allegations contained in Paragraph 9 of the Complaint are denied.

10.

The allegations contained in Paragraph 10 of the Complaint require no response from COSCO Group; however, should this Honorable Court deem a response thereto necessary, such allegations are denied.

11.

The allegations contained in Article 11 of the Complaint are denied.

12.

The prayer for relief contained in the last paragraph of the Complaint is denied.

13.

All allegations contained in the Complaint are denied unless specifically admitted.

### FIFTH DEFENSE

**AND NOW FURTHER ANSWERING THE COMPLAINT**, COSCO Group avers that at all times pertinent hereto, it did not, and does not, own, manage, operate, charter or otherwise control the M/V COS CHERRY.  Likewise, COSCO Group avers that at all times pertinent hereto, it was not, and is not, Plaintiff's employer.

### SIXTH DEFENSE

**AND NOW FURTHER ANSWERING THE COMPLAINT**, COSCO Group avers in the alternative, and in the alternative only, that should this Honorable Court find that Plaintiff actually suffered injuries or damages as alleged, which is specifically denied, then said injuries and damages were caused by the negligence, fault, last clear chance, assumption of risk, and/or inattention of Plaintiff, and/or the negligence, fault, strict liability of others, or other facts or conditions, for whom or for which COSCO Group may not be held responsible, for none of which may Plaintiff have recovery herein against COSCO Group.

### SEVENTH DEFENSE

**AND NOW FURTHER ANSWERING THE COMPLAINT**, COSCO Group further avers in the alternative, and in the alternative only, that should this Honorable Court find that Plaintiff suffered injuries or damages as alleged consequent upon the fault of any party or the unseaworthiness of any vessel for whom or for which COSCO Group may be held liable, all of which is specifically denied, then said injuries or damages were caused by and/or contributed to

-4-

and/or aggravated by the negligence, fault, last clear chance, assumption of risk, and/or inattention of Plaintiff, and/or the negligence, fault, strict liability of others for whom or for which COSCO Group may not be held liable, and/or by an Act of God, a pre-existing condition, an inevitable accident, or other circumstances not attributable to COSCO Group, and COSCO Group is entitled to have any award or recovery due to Plaintiff barred, mitigated, or reduced accordingly.

### **EIGHTH DEFENSE**

**AND NOW FURTHER ANSWERING THE COMPLAINT**, COSCO Group avers in the alternative, and in the alternative only, that should this Honorable Court find that Plaintiff suffered injuries and damages as alleged, which is specifically denied, then Plaintiff has failed to mitigate his damages.

**WHEREFORE**, COSCO Group prays that this, its Answer and Defenses, be deemed good and sufficient, and that after due process had, there be judgment herein in its favor and against Plaintiff, dismissing the Complaint at his cost, and for recovery of all costs, expenses, and attorneys' fees incurred in defending this matter, and for all such other and further relief as equity and the justice of this cause may require and permit. COSCO Group expressly and specifically reserves the right to supplement and/or amend this Answer and Defenses as further information is developed.

NO DZ 212779 v1
2906225-000004

Respectfully submitted,


*/s/ Christopher O. Davis*
CHRISTOPHER O. DAVIS (LA# 4722)
DAWEI ZHANG (LA # 20037)
Baker Donelson Bearman, Caldwell
    & Berkowitz, PC
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile:    (504) 636-4000
E-mail:  codavis@bakerdonelson.com
E-mail:  dzhang@bakerdonelson.com

**ATTORNEYS FOR CHINA OCEAN SHIPPING (GROUP) COMPANY**


### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2009, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will serve by notice of electronic filing to the following:

    Thomas A. Gennusa, II
    tgennusa@gprlawyers.com
    Joseph S. Piacun
    Jpiacun@gprlawyers.com


    */s/ Christopher O. Davis*